# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

TRAVIS JOHNSON                                              PLAINTIFF

V.                    No. 4:22-CV-119-JM-JTR

MARK GOBER, Sheriff, Drew County;
SUSAN POTTS, Jail Administrator,
Drew County Detention Center                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Travis Johnson ("Johnson"), a pretrial detainee in the Drew County Detention Facility ("DCDF") filed a *pro se* § 1983 Complaint alleging Defendants

violated his constitutional rights. *Doc. 2*. Before he may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Johnson alleges that Defendants Mark Gober, the Drew County Sheriff, and Susan Potts, the DCDF jail administrator are denying him access to the DCDF law library, even though he is "facing 95 years total" on three pending criminal charges, and "just ha[s] a court appointed [attorney] because he "can't afford a paid lawyer." *Doc. 2*.

In *Bounds v. Smith,* 430 U.S. 817 (1977), "[the Supreme Court] held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds*, 430 U.S. at 828) (emphasis added). "Nevertheless, *Bounds* 'did not create an abstract, freestanding right to a law library.'" *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

2007) (quoting *Lewis*, 518 U.S. at 351). "Instead, prison officials must provide inmates with 'meaningful access to the courts,' and providing a law library is merely one way to comply with this obligation." *Id.* (quoting *Bounds*, 430 U.S. at 824).

Because Johnson admits that he has an attorney representing him in his criminal proceedings, he has failed to state a viable access to the courts claim. *See Entzi*, 485 F.3d at 1005 (holding that a prisoner, who was represented by counsel, failed to plead a viable access to the courts claim regarding the alleged inadequacies in the prison library); *Coleman v. Holliday*, Case No. 4:16-cv-00759-BRW-JTR, 2016 WL 7493977, *1 (E.D. Ark. Dec. 16, 2016), *approved and adopted by*, Case No. 4:16-cv-00759-BRW, 2016 WL 7493968 (E.D. Ark. Dec. 30, 2016) (dismissing pretrial detainee's claim that sheriff failed to provide him an adequate law library because plaintiff admitted he had an attorney representing him in his criminal proceedings). Accordingly, Johnson's § 1983 Complaint should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Johnson's Complaint be DISMISSED, without prejudice, for failure to state a viable claim.

DATED this 14th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE